IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

HARTFORD CASUALTY INSURANCE
COMPANY, a foreign corporation, as
equitable subrogee and real party in
interest on behalf of Miller & Solomon
General Contractors, Inc.,

       Plaintiff,

v.

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY, a foreign
corporation,

       Defendant.

_____/

## COMPLAINT FOR DECLARATORY AND SUPPLEMENTAL RELIEF

Plaintiff, HARTFORD CASUALTY INSURANCE COMPANY ("Hartford"), hereby sues Defendant, WESTCHESTER SURPLUS LINES INSURANCE COMPANY ("Westchester"), and alleges that it is entitled to relief upon the following facts:

### INTRODUCTION

1.     This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, as well as further relief pursuant to 28 U.S.C. § 2202.

### PARTIES, JURISDICTION, AND VENUE

2.     Jurisdiction in this action is predicated upon diversity of citizenship, 28 U.S.C. § 1332, because the Plaintiff and Defendant are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

3.      Plaintiff, Hartford, is a corporation organized and existing under the laws of the State of Indiana, and maintains its principal place of business in the State of Connecticut.

4.      Hartford issued payment and performance bonds for all construction projects addressed herein.

5.      Defendant, Westchester, is a foreign insurance company organized and existing under the laws of the State of Georgia, maintains its principle place of business in the State of Pennsylvania, and is authorized to do business in the State of Florida.

6.      Westchester provided a commercial general liability policy on behalf of Miller & Solomon.

7.      Miller & Solomon General Contractors, Inc. ("Miller & Solomon") is a general contractor organized and existing as a corporation under the laws of the State of Florida, and maintains its principle place of business in the State of Florida.

8.      Miller & Solomon worked as a general contractor for all construction projects addressed herein.

9.      This court has personal jurisdiction over Westchester because:

a.      Westchester contracted to insure a person, property, or risk located within the state at the time of contracting and the cause of action arises out of that act;

b.      the cause of action arises out of Westchester's operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state;

c.      Westchester breached a contract in this state by failing to perform acts required by the contract to be performed in this state; and/or

d.      Westchester engaged in substantial and not isolated activity within this

state.

10.      Venue is proper in Miami-Dade County, Florida because the cause of action

accrued in Miami-Dade County, Florida.

11.      Hartford has fully performed all conditions precedent and statutory prerequisites

prior to bringing this action or such conditions have been waived and/or excused.

## THE INSURANCE POLICY

12.      Westchester issued a commercial general policy (policy number GLW-777923-

0/000) on behalf of Miller & Solomon for the policy period of December 31, 2003 to March 1,

2005 (the "Policy").  A true and correct copy of the Policy is attached hereto as Exhibit "A."

## COUNT I
## DECLARATORY AND SUPPLEMENTAL RELIEF
(Ocean Grande Beach & Marina Condominium)

13.      Plaintiff re-alleges paragraphs 1 through 12 as if fully set forth herein.

14.      This cause of action stems from certain claims relating to the construction of a

condominium building known as the Ocean Grande Beach & Marina Condominium in Hillsboro

Beach, Florida (the "Ocean Grande Project").

15.      Miller & Solomon served as the general contractor for the Ocean Grande Project.

16.      Hartford issued payment and performance bonds for the Ocean Grande Project on

behalf of Miller & Solomon.

17.      On July 21, 2006, Miller & Solomon, through counsel, demanded that

Westchester provide defense and coverage relating to construction defect claims from the Ocean

Grande Beach & Marina Condominium.  A true and correct copy of the July 21, 2006

correspondence is attached hereto as Exhibit "B."

3

18.     On August 28, 2006, Westchester acknowledged *via* correspondence that it had received Miller & Solomon's claims relating to the Ocean Grande Beach & Marina Condominium.  A true and correct copy of the August 28, 2006 correspondence is attached hereto as Exhibit "C."

19.     On or about October 3, 2006, the Ocean Grande Beach & Marina Condominium filed a complaint against a number of defendants, including Miller & Solomon, alleging defects and deficiencies in the Project (the "Ocean Grande Action").  A true and correct copy of this Complaint is attached hereto as Exhibit "D."

20.     On December 5, 2006, Hartford and Miller & Solomon, in response to Westchester's August 28, 2006, letter, sent correspondence to Westchester confirming whether Westchester would be honoring their duty to participate in the defense of Miller & Solomon and pay their proportionate share of the attorneys' fees and costs.  A true and correct copy of the December 5, 2006 correspondence is attached hereto as Exhibit "E."

21.     Some or all of the alleged defects and deficiencies occurred during the period covered by the Policy.

22.     Hartford and Miller & Solomon demanded coverage under the Westchester Policy.

23.     Westchester did not deny or dispute coverage for the claims and defense costs under the policy.

24.     Hartford successfully defended the defect claims against Miller & Solomon that were asserted in the Ocean Grande Action.

25.     Hartford, as subrogee, made payments in defending Miller & Solomon in order to protect its own interest.

26.     In making those payments, Hartford did not act as a volunteer.

27.     Hartford was not primarily liable for the debt.  Rather, the debt was the obligation of Westchester under the Policy.

28.     Hartford paid off the entire debt.

29.     Subrogation does not work any injustice to the rights of any third party.

30.     Hartford paid attorneys fees and costs in the amount of $1,478,839.69 in providing the necessary lead counsel and associated defense costs for Miller & Solomon in the Ocean Grande Action.

31.     To date, Westchester has failed to reimburse Hartford for any of the costs and fees incurred.

32.     Under the Policy, Hartford is entitled to reimbursement from Westchester for all costs and fees incurred in defending Miller & Solomon in the Ocean Grande Action.

33.     A present controversy exists between the parties requiring an immediate and definitive adjudication and determination of the legal rights between the parties with respect to costs and fees incurred in the defense of Miller & Solomon in the Ocean Grade Action.

34.     Westchester issued the Policy insuring Miller & Solomon between the dates of December 31, 2003 and March 1, 2005.

35.     The Policy is a valid and enforceable contract for insurance.

36.     The Ocean Grande Beach & Marina Condominium Association, Inc. alleged that the Project suffered damages resulting from defects and deficiencies as a result of Miller & Solomon's actions or inactions.

37.     Hartford provided the lead counsel for the defense of Miller & Solomon in the Ocean Grande Action.

38. Counsel provided by Hartford successfully defended the Ocean Grande Action against Miller & Solomon, and Westchester refuses to reimburse Hartford for the fees and costs it owes.

39. As a result, Hartford has been damaged and seeks a declaration that Westchester is responsible for coverage under the Policy.

40. Hartford has demanded that Westchester provide coverage for the damages under the Policy, but Westchester has failed and/or refused.

41. Hartford contends that the Policy provides coverage for all (or in the alternative, some) of the damages suffered by Hartford in defending Miller & Solomon in the Ocean Grande Action.

42. Westchester denies responsibility to provide coverage under the Policy for Hartford's damages.

43. Hartford has sustained actual prejudice in paying the defense costs owed by Westchester and seeks this Court's declaratory judgment regarding the rights and responsibilities of Westchester under the Policy.

44. Hartford also seeks further relief under 28 U.S.C. § 2202 in the form of an award of damages for the attorneys' fees and costs Hartford expended in its defense of Miller & Solomon in the Ocean Grande Action, as well as pre-judgment and post-judgment interest.

WHEREFORE, Plaintiff HARTFORD CASUALTY INSURANCE COMPANY, demands judgment, including declaratory and supplemental relief, against Defendant WESTCHESTER SURPLUS LINES INSURANCE COMPANY: (a) declaring that Plaintiff, as equitable subrogee of Miller & Solomon General Contractors, Inc., is entitled to coverage under Defendant's Commercial General Liability Policy; (b) declaring that Defendant is responsible for

all (or some) of the attorneys' fees and costs Plaintiff expended defending Miller & Solomon General Contractors, Inc. in the lawsuit prosecuted by Ocean Grande Beach & Marina Condominium; (c) awarding Plaintiff $1,478,839.69 in damages, plus pre-judgment and post-judgment interest, (d) awarding Plaintiff the costs it expends in the instant action pursuant to section 57.041 of the Florida Statutes; and (e) such other relief deemed just and proper.

**COUNT II**
**DECLARATORY AND SUPPLEMENTAL RELIEF**
(The Peninsula Condominium Association)

45.     Plaintiff re-alleges paragraphs 1 through 12 as if fully set forth herein.

46.     Aventura Land Holdings II (Del), Inc. is the general partner of Aventura Land Holding II, Ltd. (hereinafter, collectively, "ALH II").  ALH II was the developer of the Peninsula Condominium located in the City of Aventura, Miami-Dade County, Florida (the "Peninsula").

47.     On or about August 21, 2001, ALH II and Miller & Solomon entered into a valid contract whereby Miller & Solomon was to provide labor, services and material in the construction of the Peninsula (the "Peninsula Project").

48.     Hartford issued payment and performance bonds for the Peninsula Project on behalf of Miller & Solomon.

49.     On or about June 19, 2008, The Peninsula Condominium Association, Inc. filed a civil action against ALH II and several subcontractors for damages due to alleged design and construction defects to the building and common elements of the Peninsula.

50.     On or about November 5, 2008, ALH II filed a third-party complaint against Miller & Solomon alleging causes of action for: (a) breach of contract; (b) violation of section 718.203 of the Florida Statutes; (c) breach of contract warranty; (d) contractual indemnification; and (e) common law indemnification due to alleged design and construction defects at Peninsula

7

(the "Peninsula Action").  A true and correct copy of the complaint to Peninsula Action is attached hereto as Exhibit "F."

51.  Some or all of the alleged defects and deficiencies occurred during the period covered by the Policy.

52.  On or about November 6, 2009, Miller & Solomon, through counsel, tendered defense of the Peninsula Action to Westchester.  A true and correct copy of the November 6, 2009 correspondence is attached hereto as Exhibit "G."

53.  On January 20, 2010, Westchester notified Miller & Solomon *via* correspondence that Westchester acknowledged receipt of the request to defend Miller & Solomon and notified that Westchester would be reviewing coverage under the Policy.  A true and correct copy of the January 10, 2010 correspondence is attached hereto as Exhibit "H."

54.  On April 13, 2010, Westchester notified Miller & Solomon *via* correspondence that: (a) Westchester would defend Miller & Solomon as of the November 6, 2009 letter (Exhibit H); (b) the defense of the Peninsula Action would be moved to one of Westchester's approved panel attorneys; (c) Westchester would immediately provide notice as to the choice of the replacement attorney; and (d) until an approved replacement attorney was identified, Miller & Solomon's counsel should continue to defend Miller & Solomon.  A true and correct copy of the April 13, 2010 letter is attached hereto as Exhibit "I."

55.  Reasonably relying upon the April 13, 2010 letter (Exhibit I), Miller & Solomon's counsel continued to defend Miller & Solomon and expected to be compensated by Westchester.

56.  On July 22, 2010, Westchester notified Miller & Solomon's counsel <u>for the first time</u> the identity of the replacement attorney to defend the Peninsula Action.  A true and correct copy of the July 22, 2010 email is attached hereto as Exhibit "J."

57.     Contrary to Westchester's representation in its April 13, 2010 correspondence (Exhibit I), in its July 22, 2010 correspondence (Exhibit J) Westchester now stated that Miller & Solomon's counsel would receive no reimbursement for any work performed from the time of acceptance of tender (April 13, 2010, Exhibit I) through July 22, 2010 (Exhibit J), the date Westchester identified the replacement attorney.

58.     On August 30, 2010, Hartford's counsel submitted invoices totaling $24,592.78 to Westchester through July 22, 2010, the date Westchester identified the replacement attorney to defend the Peninsula Action.  A true and correct copy of the August 30, 2010 letter (without privileged attorney-client invoices) is attached hereto as Exhibit "K."

59.     Hartford satisfied its obligations under the April 13, 2010 letter (Exhibit J) by continuing to defend Miller & Solomon until Westchester identified a replacement attorney.

60.     Hartford, as subrogee, made payments in defending Miller & Solomon in order to protect its own interest.

61.     In making those payments, Hartford did not act as a volunteer.

62.     Hartford was not primarily liable for the debt.  Rather, the debt was the obligation of Westchester under the Policy.

63.     Hartford paid off the entire debt.

64.     Subrogation does not work any injustice to the rights of any third party.

65.     Hartford paid attorneys fees and costs in the amount of $24,592.78 in providing the necessary lead counsel and associated defense costs for Miller & Solomon in the Peninsula Action.

66.     To date, Westchester has failed to reimburse Hartford for any of the costs and fees incurred.

67.     Under the Policy, Hartford is entitled to reimbursement from Westchester for all costs and fees incurred in defending Miller & Solomon in the Peninsula Action.

68.     A present controversy exists between the parties requiring an immediate and definitive adjudication and determination of the legal rights between the parties with respect to costs and fees incurred in the defense of Miller & Solomon in the Peninsula Action.

69.     Westchester issued the Policy insuring Miller & Solomon between the dates of December 31, 2003 and March 1, 2005.

70.     The Policy is a valid and enforceable contract for insurance.

71.     The Peninsula Condominium Association alleged that the Peninsula Project suffered damages resulting from defects and deficiencies as a result of Miller & Solomon's actions or inactions.

72.     Hartford provided the lead counsel for the defense of Miller & Solomon in the Peninsula Action.

73.     As a result, Hartford has been damaged and seeks a declaration that Westchester is responsible for coverage under the Policy.

74.     Hartford has demanded that Westchester provide coverage for the damages under the Policy, but Westchester has failed and/or refused.

75.     Hartford contends that the Policy provides coverage for all (or in the alternative, some) of the damages suffered by Hartford in defending Miller & Solomon in the Peninsula Action.

76.     Westchester denies responsibility to provide coverage under the Policy for Hartford's damages.

77.     Hartford has sustained actual prejudice in paying the defense costs owed by Westchester and seeks this Court's declaratory judgment regarding the rights and responsibilities of Westchester under the Policy.

78.     Hartford also seeks further relief under 28 U.S.C. § 2202 in the form of an award of damages for the attorneys' fees and costs Hartford expended in its defense of Miller & Solomon in the Peninsula Action, as well as pre-judgment and post-judgment interest.

WHEREFORE, Plaintiff HARTFORD CASUALTY INSURANCE COMPANY, demands judgment, including declaratory and supplemental relief, against Defendant WESTCHESTER SURPLUS LINES INSURANCE COMPANY: (a) declaring that Plaintiff, as equitable subrogee of Miller & Solomon General Contractors, Inc., is entitled to coverage under Defendant's Commercial General Liability Policy; (b) declaring that Defendant is responsible for all (or some) of the attorneys' fees and costs Plaintiff expended defending Miller & Solomon General Contractors, Inc. in the lawsuit prosecuted by the Peninsula Condominium Association; (c) awarding Plaintiff $24,592.78 in damages, plus pre-judgment and post-judgment interest, (d) awarding Plaintiff the costs it expends in the instant action pursuant to section 57.041 of the Florida Statutes; and (e) such other relief deemed just and proper.

Date:  April **22nd** , 2011.

Respectfully submitted,

VEZINA, LAWRENCE & PISCITELLI, P.A.
121 Alhambra Plaza, Suite 1604
Coral Gables, Florida 33134-4512
Telephone: (305) 443-2043
Facsimile: (305) 443-2048

By:  ___/s/ Timothy S. Taylor_____
        Timothy S. Taylor, Esq.
        Florida Bar No. 545015
        Miguel A. Brizuela, Esq.
        Florida Bar No. 021465

11